## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Anthony Gennarilli, individually and on behalf of all others similarly situated; | Case No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | **DEMAND FOR JURY TRIAL** |
| FORD MOTOR COMPANY, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Anthony Gennarilli, individually and on behalf of other similarly situated members of the below-defined nationwide and statewide classes and subclasses he seeks to represent (collectively, the "Class"), hereby alleges against Ford Motor Company ("Defendant" or "Ford"), upon personal knowledge as to himself and as to his own acts, and as to all other matters upon information and belief, based upon investigation, as follows:

**NATURE OF THE CASE**

1.      This action is over the sale and/or lease of vehicles equipped with defective braking systems that were designed, manufactured and distributed by Ford Motor Company and its related subsidiaries or affiliates ("Ford"). The vehicles at issue are model year 2013-2018 Ford F-150 trucks ("Class Vehicles"). Plaintiff brings this action for himself and on behalf of all persons who purchased or leased Class Vehicles.

2.      The braking systems ("Braking System") in these Class Vehicles have a defect that causes brake fluid to leak from the master cylinder to the brake booster, resulting in a loss of hydraulic pressure, and a sudden and unexpected failure to stop or slow the vehicle ("Brake Defect" or "Defect"). The Brake Defect occurs under normal conditions that would not cause non-defective brake systems to fail.

3.      In May 2016, Ford issued a safety recall in response to a National Highway Traffic Safety Administration ("NHTSA") preliminary evaluation, which commenced in February 2016, regarding the Brake Defect for model year 2013 and 2014 Ford F-150 vehicles with 3.5L engines ("2013-2014 Recall"). However, all Ford F-150 vehicles for model years 2013 to 2018 have substantially similar braking systems, and thus all are susceptible to the same dangers as those outlined in the 2013-2014 Recall.

4.      Moreover, for all Class Vehicles, the braking systems can first fail at low mileage and within Ford's 36,000-mile warranty period.

5.      Still, Ford has failed to provide a fix for the braking system defect within a reasonable time. For vehicles subject to the 2013-2014 Recall, Ford replaced the master cylinder with a substantially similar component that suffers from the same underlying defect. Thus,

CLASS ACTION COMPLAINT

Ford's replacement of faulty brake system components with equally defective parts leaves the Braking System susceptible to repeated failure and does not remedy the Brake Defect.

6.     Ford does not provide a permanent in-warranty fix for the Brake Defect. This has forced some Class members to pay out-of-pocket to replace broken Braking Systems with equally defective replacement parts. Likewise, consumers who experience brake failures outside of the warranty period in vehicles not included in the 2013-2014 Recall are forced to pay out-of-pocket to replace the defective components. This replacement maintenance can cost thousands of dollars and the replacement parts are themselves susceptible to failure.

7.     In addition to this financial risk, the defective Braking System exposes Class members to increased risk of serious injury from unexpected brake failure.

8.     Upon information and belief, Ford knew or should have known of the Brake Defect as early as 2011, but not only failed to disclose the Brake Defect to the Class and to members of the public, actively concealed the Brake Defect while continuing to advertise and sell the Class Vehicles.

9.     Ford would have known of the Brake Defect from pre-release testing; analysis of repairs; the quantity of replacement parts sold during the Class period; complaints of the Brake Defect made to Ford and NHTSA; and data from Ford dealers regarding Braking System repairs.

10.     Plaintiff and Class members suffered actual harm and damages from Ford's misconduct. As a result of Ford's failure to disclose the Brake Defect, Plaintiff and the Class purchased Class Vehicles they would not have purchased had they known about the Brake Defect, and made the purchases at artificially inflated prices they would not have otherwise paid, had they known about the Brake Defect. Ford has yet to provide a permanent, no-cost remedy for

CLASS ACTION COMPLAINT

the Brake Defect. As a result of the Brake Defect, Plaintiff and Class members have incurred and will continue to incur out-of-pocket costs and expenses.

## JURISDICTION, VENUE, AND CHOICE OF LAW

11.     Pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over the claims that arise under federal law.

12.     In addition to federal question jurisdiction, this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) under the Class Action Fairness Act ("CAFA"), because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendant.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Ford's principal place of business is in Michigan and in this District, and thus, Defendant is subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

14.     Plaintiff Anthony Gennarilli is a New York resident who indirectly leased, for use and not for re-lease, one or more new Ford F-150 vehicles at an unlawfully inflated price during the Class Period, specifically including a 2018 Ford F-150 from Ed Carney Ford in East Hanover, New Jersey in 2017.

**Defendant Ford Motor Company**

15.     Defendant Ford Motor Company ("Ford") is incorporated in Delaware and has its principal place of business in the State of Michigan, and is a citizen of the States of Delaware and Michigan.

16.     At all times relevant herein, Defendant Ford engaged in the business of designing, manufacturing, marketing, selling and leasing automobiles, including the Class Vehicles, throughout the United States.

## FACTUAL BACKGROUND

17.     For Class Vehicles, Plaintiff is informed and believes that the Braking Systems are susceptible to leaking brake fluid from the brake master cylinder to the brake booster, causing a loss of hydraulic pressure and, ultimately, a sudden and unexpected brake failure under normal-use conditions that would not cause non-defective brakes systems to fail. This Brake Defect causes Plaintiff and Class members to suffer economic and emotional harm. Class members are required to pay out-of-pocket to replace broken Braking System parts with equally defective replacement parts. Class members are also susceptible to potential injuries from defective Braking Systems.

## I.     Class Vehicles Suffer from a Brake Defect

18.     Upon information and belief, the Class Vehicles' braking systems are susceptible to leaking brake fluid from the master cylinder to the brake booster.

19.     In a non-defective brake system, when pressure is placed on the brake pedal, fluid flows from the master cylinder to the brake calipers based on the pressure applied to the brake pedal. As pressure is applied to the pedal, pistons in the master cylinder respond by pushing

CLASS ACTION COMPLAINT

brake fluid to the calipers, resulting in increase in hydraulic pressure. As pressure builds, the pistons in the brake calipers force the brake pads against the rotors of the wheels, thereby causing the vehicle to stop.

20.    In a brake system, brake fluid is needed to enter the calipers and allow hydraulic pressure to build up. Without hydraulic pressure, the driver cannot apply the brakes to slow or stop the car.

21.    Given the importance of the brake fluid, the master cylinder needs to be sealed so as to not allow leaks of brake fluid.

22.    If brake fluid has leaked, when the brake pedal is pushed to the floor of the vehicle, the brake system cannot generate the necessary hydraulic pressure needed to force the brake pads against the rotors of the wheels. As a result, the driver may receive a brake warning light due to the low level of fluid, and may not be able to reduce the speed of the vehicle appropriately.

23.    Upon information and belief, Class Vehicles' brake master cylinder contains a defective seal that allows brake fluid to escape. As brake fluid escapes from the master cylinder it leaks into other components, including the brake booster and causes a loss in hydraulic pressure.

24.    This brake defect can cause Braking System failure at low mileages, within the warranty period.

25.    Ford knew the master cylinder could leak brake fluid causing failure to the Braking System under normal use and conditions. Ford failed to properly replace the Class Vehicles' Braking System with adequate component parts that would prevent the leaking of

CLASS ACTION COMPLAINT

brake fluid. Instead, when Class members or Ford did replace the Class Vehicles Braking System, the replacement included effectively identically defective replacement parts, susceptible to the same Brake Defect. Thus, Ford's replacement still did not remedy the Brake Defect.

26.     Consumers who incur the cost of repairs are still left with defective parts and subject to future risk of failure.

27.     Moreover, the Brake Defect in Class Vehicles poses a safety risk to Class Vehicle occupants and to the public.

**II.     Ford's Knowledge of the Brake Defect**

28.     Upon information and belief, Ford knew or should have known of the Brake Defect as early as 2011. Ford would have known of the Brake Defect from pre-release designing and testing; analysis of repairs; the amount of replacement parts sold during the Class period; complaints of the Brake Defect made to Ford and NHTSA; and data from Ford dealers regarding the repairs.

**A.  Before releasing Class Vehicles, Ford knew or would have discovered the Brake Defect during designing and testing of the Braking System**

29.     Ford would have discovered the Brake Defect as early as 2011, as it designed and tested the Class Vehicles prior to their release. Before the Class Vehicles were released, Ford would have discovered the brake master cylinders were susceptible to leaking brake fluid.

30.     As an automaker, Ford would have analyzed and tested the Braking systems, which were made by Hitachi, on the Class Vehicles. Such analysis would have warned Ford that the brake master cylinders were prone to leaking brake fluid and that this leaking could cause the sudden and unexpected loss of braking in the Class Vehicles.

CLASS ACTION COMPLAINT

**B. Ford also would have known of the Brake Defect following an analysis of the Repair Data and Replacement Parts**

31. Following the release of the Class Vehicles, Ford knew or should have known about the Brake Defect. Ford would have been made aware of the Brake Defect because of the large number of claims and replacements made during the Class Vehicle's warranty periods.

32. Upon information and belief, Ford, as a large automaker, collects and analyzes information regarding the repairs to its vehicles made during the warranty period at its dealerships and service centers.

33. Upon information and belief, a higher than expected number of replacement Braking System parts were ordered from Ford because of the Brake Defect.

34. Upon information and belief, Ford distributes replacement parts to Ford service centers, to independent repair shops and to consumers doing repairs themselves. Therefore, Ford would have detailed and accurate information regarding the amount of replacement parts orders. Thus, Ford would have been alerted to the high number of replacement parts ordered for the Braking Systems on Class Vehicles. From this information, Ford would have known that its brake master cylinder components were defective and causing Class Vehicles' Braking Systems to fail.

**C. Complaints collected by NHTSA's ODI would have alerted Ford to the Brake Defect**

35. Since the release of the Class Vehicles, many consumers have complained of braking defects with NHTSA Office of Defect Investigation ("ODI").

CLASS ACTION COMPLAINT

36.     Under Federal law, Ford is required to maintain close contact with NHTSA

regarding potential automotive defects. *See* TREAD Act, Pub. L. No. 106-414, 114 Stat. 1800

(2000). This includes confidential disclosures of defects to NHTSA.

37.      As an automaker, Ford knew or should have known of the complaints about the

Brake Defect logged by NHTSA ODI.

38.     Consumers have logged complaints to the NHTSA ODI. For example,

    a.   On August 20, 2015, a consumer reported a braking problem with a 2013 Ford

        F-150:

> While driving 40 mph, the contact stated that the low brake fluid
> light illuminated on the instrument panel. While attempting to
> engage the brakes, the brake pedal sank to the floor. The vehicle
> was taken to the dealer where it was diagnosed that the master
> cylinder needed to be replaced. The vehicle was not repaired.[1]

    b.   On August 4, 2015, a consumer reported a braking problem with a 2014 Ford

        F-150:

> While driving on the interstate @ 75 miles per hour, the low
> brake fluid light came on. At that time I tried my brakes and the
> pedal went straight to the floor, [I] started down shifting and
> using the parking brake to stop.

> Truck was towed to the Ford Dealership, dealing informed me
> that the master cylinder had leaked all fluid from the reservoir
> into the break booster and into vacuum lines. . . .[2]

    c.   On October 5, 2016, a consumer reported a braking problem with a 2015 Ford

        F-150:

> As I approached a stop signal on my normal route home, the
> brakes failed when I stepped on the pedal, it acted like the anti-

---

[1] NHTSA ID Number 10750065
[2] NHTSA ID Number 10746143
CLASS ACTION COMPLAINT

skid brake system had taken over and wouldn't allow the pedal to apply hydraulic pressure to the brake calipers.[3]

d.   On November 22, 2016, a consumer reported a braking problem with a 2016

Ford F-150:

When approaching a stop light, my brake pedal just went to the floor. I made it to a parking lot with spongy brakes. Once in a parking space, when pressure was applied to the pedal, the pedal slowly went completely to the floor.[4]

e.   On November 9, 2017, a consumer reported a braking problem with a 2017

Ford F-150:

I got in my truck and started driving. As I approached the intersection I started to brake. The brakes went all the way down and the truck did not brake. I ended up past the stop sign in the middle of the intersection. I turned around and went back slowly to my house. I almost hit a pedestrian where the truck did not brake.[5]

39.   Thus, a monitoring of NHTSA, as required by law, would have alerted Ford to the Brake Defect. For also would be aware that this defect was a material safety issue to the reasonable consumer.

### III.   Ford's Warranties for Class Vehicles

40.   Ford included a written express warranty in Class Vehicle it sold and leased that covered the vehicles for three years or 36,000 miles, whichever comes first.

41.   Ford's Vehicle Limited Warranty, states that if the vehicle is properly operated and maintained and taken to a Ford dealership within the warranty period, Ford will "repair, replace, or adjust all parts on your vehicle that malfunction or fail during normal use during the

---

[3] NHTSA ID 10913906
[4] NHTSA ID Number 10927402
[5] NHTSA ID Number 11045017
CLASS ACTION COMPLAINT

- 10 -

applicable coverage period due to a manufacturing defect in factory-supplied materials or factory workmanship" without charge to the consumer.

42.    Ford also offers a limited warranty for certified pre-owned vehicles which covers 12 months or 12,000 miles, whichever comes first. This warranty for certified pre-owned vehicles states that the dealer will replace "all covered components . . . that are found to be defective in factory-supplied materials or workmanship during the applicable warranty periods." This coverage of components includes the brake master cylinder and other Braking System components.

43.    In addition, Ford includes an express written warranty for replacement parts sold through its Motorcraft parts brand. This warranty applies to parts sold on or after October 1, 2013 and found to be defective in factory-supplied material or workmanship. Ford's warranty states these parts will be repaired, replaced, or exchanged within 24 months of part purchase, regardless of the number of miles driven.

## IV.    Ford's Limited Recall of Certain Class Vehicles

44.    In May 2016, Ford issued a recall on the 2013-2014 Ford F-150 trucks with a 3.5L engine. The recall was issued due to reports of brake fluid leaking into the brake booster from the brake master cylinder. NHTSA received 60 reports of this problem, and Ford received about 300. According to Ford's press release on May 25, 2016 regarding this recalled vehicles, "it is possible brake effectiveness could be reduced due to brake fluid leaking from the brake

CLASS ACTION COMPLAINT

master cylinder into the brake booster, increasing the risk of a crash."[6] Ford estimated that this

affected over 225,000 vehicles in the United States.

45.     The 2013-2014 Recall report filed with NHTSA issued the following description

of the recall defect:

> Some vehicles may experience a loss of brake fluid from the brake master cylinder
> reservoir into the brake booster. Loss of brake fluid can lead to visual and audible
> warnings of low brake fluid level to the operator and may lead to a change in brake pedal
> travel and feel.
>
> Ford is aware of nine accident allegations on the affected vehicles that might related to
> this condition, with no injuries; and one alleged injury not related to the accidents.[7]

46.     The description of the Safety Risk states:

> Depending on the amount of brake fluid loss from the brake master cylinder into the
> brake booster, the driver will experience an audible chime, message center alert, red
> brake warning light in the instrument cluster and may begin to experience a change in
> brake pedal travel and feel. In the even that a loss of brake fluid is substantial enough to
> reduce brake function to the front wheels, the driver may experience longer pedal travel,
> increased pedal effort, and extended stopping distance, increasing the risk of a crash. Full
> braking function would remain in the rear wheel brake circuit.[8]

47.     Ford's description of the remedy stated that owners should take their vehicle to

Ford or Lincoln dealer to have the brake master cylinder replaced . . . . Additionally, the brake

booster will be replaced if the brake master cylinder is leaking. There will be no charge for this

service."[9]

---

[6] Ford, *Ford Motor Company Issues One Safety Recall and One Safety Compliance Recall in North America* (May 25, 2016), https://media.ford.com/content/fordmedia/fna/us/en/news/2016/05/25/ford-motor-company-issues-one-safety-recall-and-one-safety-compl.html.
[7] Part 573 Safety Recall Report 16v-345, OMB Control No. 2127-0004.
[8] *Id.*
[9] *Id.*
CLASS ACTION COMPLAINT

48.     Yet, this recall was inadequate because it failed to reach all Class Vehicles that were affected by the Brake Defect.

49.     In October 2016, NHTSA contacted Ford to explain that it had received dozens of reports alleging the Brake Defect in model year 2015 and 2016 vehicles, including several reports in which brake failure resulted in a vehicle crash.

50.     Despite this inquiry, Ford refused to expand the scope of the Safety Recall or issue a new recall.

51.     Furthermore, the recall did not remedy the problem. Upon information and belief, the component part, the master brake cylinder, replaced and installed in Class Vehicles is identical to the original component and contains the same Brake Defect. Thus, users who underwent the recall service were still subject to the same risk of future Braking System failure and subsequent costs and repairs.

52.     Overall, Ford failed to fix the underlying problem and failed to adequately compensate Plaintiff and Class members for the harm from the Brake Defect in Class Vehicles.

**V.     Ford's Marketing and Concealment**

53.     Upon information and belief, Ford concealed the Class Vehicles' substandard braking systems when it knowingly marketed, sold and leased the Class Vehicles.

54.     Throughout the Class Period, Ford engaged in nationwide campaigns to reach consumers via television, internet, print and other advertisements. During this time, Ford marketed its trucks as "tough", "dependable" and "durable."

55.     Despite these marketing claims, Class Vehicles were equipped with defective brake systems that could result in sudden and unexpected brake failure.

CLASS ACTION COMPLAINT

56.     Ford misled consumers and concealed the fact that the Class Vehicles had defective braking systems.

57.     As early as 2011, Ford knew or should have known about the Brake Defect. As outlined above, Ford should have been made aware of the brake defects via the pre-release evaluations; high number of replacement parts sold; the complaints made to NHTSA; and its recall of the 2013-2014 models.

58.     Despite this knowledge, Ford continued to mislead consumers through its marketing campaigns.

59.     In sum, Ford has actively concealed the existence and nature of the Brake Defect from Class members since at least 2011 despite its knowledge of the existence and pervasiveness of the Brake Defect. Specifically, Ford has:

   a.   Failed to disclose, at and after the time of purchase, lease, and/or service, any and all known material defects of the Class Vehicles, including the Brake Defect;

   b.   Failed to disclose, at and after the time of purchase, lease, and/or service, that the Class Vehicles' Braking Systems were defective and not fit for their intended purposes;

   c.   Failed to disclose, and actively concealed, the fact that the Class Vehicles' Braking Systems were defective, despite that Ford learned of the Brake Defect as early as 2011, and certainly well before Plaintiff and Class members purchased or leased their Class Vehicles;

   d.   Failed to disclose, and actively concealed, the existence and pervasiveness of

CLASS ACTION COMPLAINT

the Brake Defect even when directly asked about it by Class members during

communications with Ford, Ford dealerships, and Ford service centers;

  e. Actively concealed the Brake Defect by forcing Class members to bear the

cost of temporary "fixes" that merely replaced the defective brake master

cylinder with another defective part.

60. Ford has concealed and continues to conceal the Brake Defect from Class

members. If Class members had had knowledge of the information Ford concealed, they would

not have purchased or leased the Class Vehicles or would have paid less to do so.

**Fraudulent Concealment Allegations**

61. Absent discovery, Plaintiff is unaware of, and unable through reasonable

investigation to obtain, the true names and identities of those individuals at Ford responsible for

disseminating false and misleading marketing materials regarding the Class Vehicles. Ford

necessarily is in possession of all of this information. Plaintiff's claims arise out of Ford's

fraudulent concealment of the Braking System Defect, and its representations about the quality,

safety, and comfort of the Class Vehicles. To the extent that Plaintiff's claims arise from Ford's

fraudulent concealment, there is no one document or communication, and no one interaction,

upon which Plaintiff bases his claims.

62. Plaintiff alleges that at all relevant times, including specifically at the time he and

other Class Members purchased or leased their Class Vehicles, Ford knew, or was reckless in not

knowing, of the Braking System Defect; Ford was under a duty to disclose the Defect based

upon its exclusive knowledge and concealment of the Defect; and Ford never disclosed the

CLASS ACTION COMPLAINT

Defect to Plaintiff or the public at any time or place or in any manner other than a half-hearted, inadequate recall of a small subset of the Class Vehicles.

63.     Plaintiff makes the following specific fraud allegations with as much specificity as possible absent access to the information necessarily available only to Ford:

       a.     **Who:** Ford actively concealed the Braking System Defect from Plaintiff and Class members while simultaneously touting the safety, comfort, and quality of the Class Vehicles, as alleged in paragraphs 53–60, above. Plaintiff is unaware of, and therefore unable to identify, the true names and identities of those specific individuals at Ford responsible for such decisions.

       b.     **What**: Ford knew, or was reckless or negligent in not knowing, that the Class Vehicles contain the Braking System Defect, as alleged above in paragraphs 31–43. Ford concealed the Defect and made representations about the safety, comfort, world-class quality, and other attributes of the Class Vehicles, as specified above in paragraphs 53–60.

       c.     **When**: Ford concealed material information regarding the Defect at all times and made representations about the quality, safety, and comfort of the Class Vehicles, starting no later than 2011, or at the subsequent introduction of certain models of Class Vehicles to the market, continuing through the time of sale/lease, and on an ongoing basis, and continuing to this day, as alleged above in paragraphs 53–60. Ford still has not disclosed the truth about the full scope of the Defect in the Class Vehicles to anyone outside of Ford. Ford has never taken any action to inform consumers about the true nature of the

CLASS ACTION COMPLAINT

Defect in Class Vehicles. And when consumers brought their Vehicles to Ford complaining of the Braking System failures, Ford denied any knowledge of or responsibility for the Braking System Defect.

d.  **Where**: Ford concealed material information regarding the true nature of the Defect in every communication it had with Plaintiff and Class Members and made representations about the quality, safety, and comfort of the Class Vehicles. Plaintiff is aware of no document, communication, or other place or thing in which Ford disclosed the truth about the full scope of the Defect in the Class Vehicles to anyone outside of Ford. Such information is not adequately disclosed in any sales documents, displays, advertisements, warranties, owner's manuals, or on Ford's website.

e.  **How**: Ford concealed the Braking System Defect from Plaintiff and Class Members and made representations about the quality, safety, and comfort of the Class Vehicles. Ford actively concealed the truth about the existence, scope, and nature of the Defect from Plaintiff and Class Members at all times, even though it knew about the Defect and knew that information about the Defect would be important to a reasonable consumer, and Ford promised in its marketing materials that Class Vehicles have qualities that they do not have.

f.  **Why**: Ford actively concealed material information about the Defect in the Class Vehicles for the purpose of inducing Plaintiff and Class Members to purchase and/or lease Class Vehicles, rather than purchasing or leasing competitors' vehicles, and made representations about the quality, safety, and

comfort of the Class Vehicles. Had Ford disclosed the truth, for example, in

its advertisements or other materials or communications, Plaintiff and Class

Members (all reasonable consumers) would have been aware of it, and would

not have bought or leased the Class Vehicles or would have paid less for them.

## FRAUDULENT CONCEALMENT AND TOLLING OF THE STATUTE OF LIMITATIONS

64.     Upon information and belief, Ford's knowing and active concealment of the

Brake Defect has tolled any applicable statute of limitations. Through no fault or lack of

diligence, Ford deceived Plaintiff and Class members who had no knowledge of the Brake

Defect or of Ford's concealment.

65.     Upon information and belief, Ford knew that the Class Vehicles' Braking Systems

were susceptible to the Brake Defect since at least 2011, well before it sold or leased the Class

vehicles to Plaintiff and Class members.

66.     Ford failed to disclose the Brake Defect to Class members despite having a duty

to disclose the true character and quality of the Class Vehicles. During the Class Period, Ford

actively concealed, and continues to conceal, the character of the Class Vehicles. Ford also

marketed the Class Vehicles based on the "durability" and "toughness" of the trucks; thereby,

misrepresenting the true character and quality of the Class Vehicles and actively concealing the

Brake Defect.

67.     Thus, any statute of limitations has been tolled by Ford's knowledge, active

concealment, and denial of the facts alleged herein.

68.     Plaintiff and Class members had no facts sufficient to place them on inquiry

notice of the Brake Defect. At the earliest, Class members may have learned that the Class

CLASS ACTION COMPLAINT

Vehicles were defective after the Brake Defect caused their brake master cylinder to leak brake fluid resulting in a loss of hydraulic pressure and a sudden failure to stop. However, even then, the Plaintiff and Class members still had no reason to know that the brake failure were caused by a defect in the Class Vehicles. Ford's knowing, active, and affirmative concealment of the Brake Defect would prevent Plaintiff and Class members from discovering the Brake Defect.

69.     For these reasons, all applicable statutes of limitations have been tolled based on the discovery rule and Ford's fraudulent concealment. Ford is further estopped from relying on any statute of limitation in defense of this action.

70.     The cause of action alleged herein did not accrue until Plaintiff and Class Members discovered that their Class Vehicles contained the Braking System Defect.

## CLASS ACTION ALLEGATIONS

71.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

72.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

73.     Plaintiff seeks to represent the following Classes:

   a.  All current and former owners or lessees of a Ford F-150 from model years 2013-2018 purchased or leased nationwide ("the Nationwide Class"), and

   b.  All current and former owners or lessees of a Ford F-150 from model years 2013-2018 purchased or leased in the State of New Jersey ("the New Jersey Class").

CLASS ACTION COMPLAINT

- 19 -

74.     Plaintiff will also seek certification of a "Damages Subclass" under 23(b)(3) for all Class members who have experienced Braking System failures, and an "Owner Subclass" under Rule 23(b)(2) for purposes of declaratory relief as to future Braking System failures.

75.     Excluded from the Class are Defendants, their current employees, coconspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; the undersigned counsel for Plaintiff and their employees; and the judge and court staff to whom this case is assigned. Plaintiff reserve the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

76.     **Numerosity and Ascertainability:** Plaintiff does not know the exact size of the Class or the identities of the Class members since such information is in the exclusive control of Defendants.

77.     **Commonality and Predominance:** The action involves common questions of law and fact, which predominate over any question solely affecting individual Class members, including:

      a.   whether the Braking System in the Class Vehicles is defective.

      b.   whether Ford knew or should have known about the Brake Defect, and, if yes, how long Ford has known of the Defect;

      c.   whether the defective nature of the Class Vehicles constitutes a material fact reasonable consumers would have considered in deciding whether to purchase or lease a Class Vehicle;

CLASS ACTION COMPLAINT

- 20 -

d.   whether Ford had a duty to disclose the defective nature of the Class Vehicles to Plaintiff and Class members;

e.   whether Ford omitted and failed to disclose material facts about the Class Vehicles;

f.   whether Ford's concealment of the true defective nature of the Class Vehicles induced Plaintiff and Class Members to act to their detriment by purchasing or leasing Class Vehicles;

g.   whether Ford represented, through its words and conduct, that the Class Vehicles had characteristics, uses, or benefits that they did not actually have;

h.   whether Ford represented, through its words and conduct, that the Class Vehicles were of a particular standard, quality, or grade when they were of another;

i.   whether Ford advertised the Class Vehicles with the intent not to sell/lease them as advertised;

j.   whether Ford's representations and omissions about the true defective nature of the Class Vehicles were likely to create confusion or misunderstanding;

k.   whether Ford's representations and omissions about the true defective nature of the Class Vehicles were and are deceptive;

l.   whether the Class Vehicles were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability;

CLASS ACTION COMPLAINT

m.  whether Plaintiff and the other Class members are entitled to a declaratory judgment stating that the Braking Systems in Class Vehicles are defective and/or not merchantable;

n.  whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

o.  whether Ford should be declared financially responsible for notifying all Class members of the problems with the Class Vehicles and for the costs and expenses of permanently remedying the Braking System Defect in the Class Vehicles; and

p.  whether Ford is obligated to inform Class members of their right to seek reimbursement for having paid to diagnose, repair, or replace the defective Braking Systems.

78.     **Typicality:** Plaintiff's claims are typical of the other Class members' claims because all Class members were comparably injured through Defendants' substantially uniform misconduct as described above. Plaintiff is advancing the same claims and legal theories on behalf of himself and all other class members, and there are no defenses that are unique to Plaintiff. The claims of Plaintiff and Class members arise from the same operative facts and are based on the same legal theories.

79.     **Adequacy:** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff

CLASS ACTION COMPLAINT

intends to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and his counsel.

80.      **Superiority**: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be virtually impossible for the members of the Classes to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Violation of New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1. *et seq.*)

81.      Plaintiff incorporates by reference and re-alleges each preceding paragraph as though fully set forth herein.

82.      Plaintiff asserts this count on behalf of himself and the New Jersey Class members.

CLASS ACTION COMPLAINT

83.     The New Jersey Consumer Fraud Act ("New Jersey CFA") makes unlawful "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement or any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby …" N.J. Stat. Ann. § 56:8-2.

84.     Ford engaged in unconscionable or deceptive acts or practices that violated the New Jersey CFA, as described herein, and did so with the intent that Class members rely upon their acts, concealment, suppression, or omission.

85.     As alleged herein, Ford violated multiple statues and the common law.

86.     Ford has violated the New Jersey CFA by knowingly selling Class Vehicles that include the Brake Defect.

87.     The acts and practices described herein including but not limited to Ford's failure to provide a permanent remedy to fix the Brake Defect, was unscrupulous, offended public policy, fraudulent and caused substantially injurious to Plaintiff and Class members.

88.     The harm caused by Ford's conduct greatly outweighs any benefit to consumers.

89.     Ford committed fraudulent business acts and practices in violation of the New Jersey CFA when it concealed the existence and nature of the Brake Defect, while representing that the Class Vehicles were "tough," "durable," and "dependable."

CLASS ACTION COMPLAINT

90.     Plaintiff relied on the omissions of Ford with respect to the quality and reliability of the Class Vehicles. Plaintiff and Class members would not have purchased or leased their Class Vehicles, and/or paid as much for them but for Ford's omissions.

91.     Ford concealed and failed to disclose material information about the Class Vehicles in a manner that is likely to, and in fact did, deceive consumers and the public.

92.     All of the wrongful conduct alleged herein occurred in the conduct of Ford's business.

93.     Plaintiff, individually and on behalf of the Class members, is entitled to recover legal and/or equitable relief including an order enjoining Ford's unlawful conduct, treble damages, costs and reasonable attorneys' fees pursuant to N.J. Stat. Ann. § 56:8-19, and any other just and appropriate relief.

94.     Pursuant to N.J. Stat. Ann. § 56:8-20, Plaintiff will serve the New Jersey Attorney General with a copy of this Complaint.

## COUNT THREE

### (Breach of Implied Warranty of Merchantability, N.J. Stat. Ann. § 12a:2-314)

95.     Plaintiff incorporates by reference and re-alleges each preceding paragraph as though fully set forth herein.

96.     Plaintiff asserts this count on behalf of himself and the New Jersey Class Members.

97.     Ford is a "merchant" with respect to Class Vehicles.

CLASS ACTION COMPLAINT

98.     Ford extended an implied warranty of merchantability when it sold and/or leased its Class Vehicles. The sale or lease by Ford extended an implied warranty that Class Vehicles were merchantable and fit for the ordinary purpose for which they were sold or leased.

99.     The Class Vehicles were not fit for their ordinary purpose because the Braking Systems are susceptible to leaking brake fluid, resulting in a loss of hydraulic pressure and a sudden and unexpected failure to stop or slow the vehicles.

100.     Plaintiff and Class members who purchased or leased a Class Vehicle directly from Ford are entitled to the benefit of the bargain — a vehicle with a non-defective Braking System.

101.     Plaintiff and Class members who purchased Certified Pre-Owned Class Vehicles are also entitled to the benefit of their bargain — a vehicle with a non-defective Braking System. Class members who purchased Certified Pre-Owned Class Vehicles are the intended ultimate consumers of the Class Vehicles, and therefore are third-party beneficiaries for the purposes of their implied warranty claims.

102.     Ford sold and/or leased the Class Vehicles with the latent Brake Defect. This Brake Defect made the Class Vehicles not fit for ordinary use and not of a merchantable quality.

103.     Plaintiff and Class members would not have purchased or leased their Class Vehicles, and/or paid as much for them had the Plaintiff and Class members known of the Defect before the sale or lease.

104.     As a direct and proximate result of Ford's breach of the implied warranty of merchantability, Plaintiff and Class members have sustained damages in an amount to be determined at trial.

CLASS ACTION COMPLAINT

105.    Plaintiff, individually and on behalf of all Class members, seeks all damages permitted by law, including the diminution in value of their vehicles, in an amount to be proven at trial.

## **COUNT FOUR**

### **(Breach of Implied Warranty – Magnuson-Moss Warranty Act)**

106.    Plaintiff incorporates by reference and re-alleges each preceding paragraph as though fully set forth herein.

107.    Plaintiff asserts this count on behalf of himself and Class members.

108.    Plaintiff and Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

109.    Ford is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

110.    Class Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

111.    The Class Vehicles' implied warranty of merchantability is covered by 15 U.S.C. § 2301(7). This implied warranty covers defects in Class Vehicles.

112.    Ford breached this implied warranty when it sold and/or leased Class Vehicles with the Brake Defect that could cause leaked braking fluid, a loss of hydraulic pressure, and a sudden loss of the ability to stop or slow the vehicle. As sold or leased, these Class Vehicles were not merchantable nor fit for their intended purpose.

113.    The Brake Defect was present at the time Ford sold and/or leased the vehicles.

CLASS ACTION COMPLAINT

114.    Under 15 U.S.C. § 2310(e), notice of breach of warranty need not be provided until after Plaintiff has been appointed Class Representative.

115.    Upon information and belief, the number of class members in this action will be greater than 100 and the amount in controversy in this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit. 15 U.S.C. §§ 2310(d)(3)(B)-(C).

116.    As a direct and proximate result of Ford's breach of the implied warranty of merchantability, Plaintiff and Class members have sustained damages in an amount to be determined at trial.

117.    Plaintiff, individually and on behalf of all Class members, seek all damages permitted by law, including the diminution in value of their vehicles, in an amount to be proven at trial.

## <u>COUNT FIVE</u>

### (Fraudulent Concealment)

118.    Plaintiff incorporates by reference and re-alleges each preceding paragraph as though fully set forth herein.

119.    Plaintiff asserts this count on behalf of himself and Class members.

120.    At all relevant times, Ford knew that the Class Vehicles' braking systems were susceptible to leak brake fluid from the brake master cylinder, causing a loss of hydraulic pressure, and a sudden failure to stop or slow the vehicle. Ford knew that there was no permanent replacement or repair for this Brake Defect. Ford knew that Plaintiff and Class members would not be able to discover this defect prior to purchase or lease of the Class

CLASS ACTION COMPLAINT

Vehicles. Ford also failed to disclose and/or denied the existence of the Defect when Plaintiff and Class members complained of the Braking System's failure.

121.    While concealing this Brake Defect, Ford made representations that the Class Vehicles were "tough," "durable," and "reliable." These representations were false and misleading.

122.    The concealed information is material because it concerns the quality of the Class Vehicles and a reasonable consumer would find this information important when deciding whether to purchase/lease the vehicle and, if so, how much to pay for the purchase/lease.

123.    Ford was and is under a duty to disclose these facts to Plaintiff and Class members because the Class Vehicles equipped with the Brake Defect pose a serious safety hazard.

  a.  Ford was and is under a duty to Plaintiff and Class members to disclose these facts because: Ford is in a superior position to know the truth about the quality and nature of the Class Vehicles;

  b.  Ford made representations about the Class Vehicles while not revealing the truth about their defective braking systems, maintenance and quality; and

  c.  Ford actively concealed from Plaintiff and Class members the fact that the Class Vehicles were and are defective and substantially likely to fail in advance of their anticipated useful life.

124.    Ford fraudulently and intentionally concealed from and/or failed to disclose to Plaintiff and Class members the facts described above with the intent to defraud Plaintiff and

CLASS ACTION COMPLAINT

Class members and for the purpose of inducing Plaintiff and Class members to act thereon by purchasing or leasing the Class Vehicles.

125.    Plaintiff and Class Members were not aware of the Brake Defect prior to purchasing or leasing their vehicles.

126.    Plaintiff and Class members justifiably relied or acted upon to their detriment the misrepresentations and/or concealed or non-disclosed facts as evidenced by their purchase of the Class Vehicles.

127.    If Ford had properly disclosed the true defective nature of the braking systems in Class Vehicles, then Plaintiff and Class Members would not have purchased the vehicles.

128.    As a direct and proximate cause of Ford's misconduct, Plaintiff and Class members have suffered actual damages in that they have or will have to continue to pay for repairs to the Class Vehicles. Plaintiff and Class members have also suffered unreasonable diminution in value of the vehicles as a result of the Brake Defect which Ford concealed.

129.    Ford's misconduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

130.    Plaintiff, on behalf of himself and all others similarly situated, demand judgment against Ford for actual and punitive damages for himself and each Class member, plus attorneys' fees for the establishment of a common fund, interest, and costs.

## <u>COUNT SIX</u>

### (Unjust Enrichment)

131.    Plaintiff incorporates by reference and re-alleges each preceding paragraph as though fully set forth herein.

CLASS ACTION COMPLAINT

132.    Plaintiff asserts this count on behalf of himself and Class members.

133.    Ford has benefited from selling and leasing at an unjust profit Class Vehicles that had a defective brake system. Ford benefitted from artificially inflated prices due to Ford's concealment of the Brake Defect.

134.    Plaintiff and Class members overpaid for these vehicles.

135.    Ford has received and retained unjust benefits from Plaintiff and Class members and inequity has resulted.

136.    It is inequitable and unconscionable for Ford to retain these benefits.

137.    Plaintiff and Class members did not know of the true condition of the Class Vehicles because Ford concealed, through fraud and deception, the Brake Defect.

138.    Ford knowingly accepted the unjust benefits of its wrongful conduct.

139.    The amount of Ford's unjust enrichment as a result of its misconduct should be disgorged and returned to Plaintiff and Class members in an amount to be proven at trial.


**RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff and the Class, and award the following relief:

a.    certify this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as the representative of the Class and Plaintiff's counsel as counsel for the Class;

b.    a declaration that the Braking Systems in the Class Vehicles are defective;

CLASS ACTION COMPLAINT

c.   a declaration requiring Ford to engage in a corrective notice campaign;

d.   an order enjoining Ford from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles;

e.   an order requiring Ford to permanently repair the Class Vehicles within a reasonable time period and at no cost to Class members, so that they no longer possess the Brake Defect.

f.   an order awarding Plaintiff and Class members monetary damages, including, but not limited to any compensatory, exemplary, and statutory damages, including interest, at an amount to be proven at trial;

g.   an order awarding Plaintiff and Class members restitution and disgorgement to the extent permitted by applicable law, together with interest;

h.   a declaration that Ford is financially responsible for notifying all Class members of the pendency of this action;

i.   an award of reasonable costs and attorneys' fees;

j.   an award of pre-judgment interest and post-judgment interest, as provided by law;

k.   such other relief the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all the issues so triable.

CLASS ACTION COMPLAINT

Dated:  November 16, 2018

/s/ *Jaye Quadrozzi*
Jaye Quadrozzi (SBN: P71646)
YOUNG & ASSOCIATES
27725 Stansbury Boulevard, Suite 125
Farmington Hills, MI 48334
Tel.: (248) 353-8620
Fax: (248) 479-7828
Quadrozzi@youngpc.com


/s/ *Lesley Elizabeth Weaver*
Lesley E. Weaver, *pro hac vice forthcoming*
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com


/s/ *Ann K. Ritter*
Ann Ritter, *pro hac vice forthcoming*
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel.: (843) 216-9000
Fax: (843) 216-9450
aritter@motleyrice.com

CLASS ACTION COMPLAINT